1 KILPATRICK TOWNSEND & STOCKTON LLP
G. ROSS ALLEN (State Bar No. 262968)
2 1080 Marsh Road
Menlo Park, CA 94025
3 Telephone: (650) 326-2400
Facsimile: (650) 326-2422
4 Email: grallen@kilpatricktownsend.com

5 STEVEN D. MOORE (*pro hac vice*)
1001 West Fourth Street
6 Winston-Salem, NC 27101-2400
Telephone: (336) 607-7300
7 Facsimile: (336) 607-7500
Email: smoore@kilpatricktownsend.com

8
Attorneys for Defendant
9 BLUE SKY NETWORK, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE SKY NETWORK, LLC, a Delaware Limited Liability Company; JET AIRWAYS OF INDIA, INC., a California Corporation; GTX CORP, a Nevada Corporation; INTHINC TECHNOLOGY SOLUTIONS, INC., a Delaware corporation,<br><br>Defendants. | Case No. CV 11 4479 SBA<br><br>**BLUE SKY NETWORK, LLC'S ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING MEDIATION**<br><br>Hearing Date: 2/14/2012<br>Time: 1:00 p.m.<br><br>[CIVIL L.R. 7-11] |

PLEASE TAKE NOTICE THAT pursuant to Civil L.R. 7-11, Defendant Blue Sky Network, LLC ("Blue Sky") brings this Administrative Motion to Stay Discovery Pending Mediation ("Motion"). Blue Sky certifies that it has complied with the Court's meet and confer requirements. Blue Sky requests a hearing on this Motion for February 14, 2012 at 1:00 p.m., if necessary.

Blue Sky submits that discovery and its obligations under the Patent Local Rules should be stayed pending the conclusion of the imminent mediation (Dkt. No. 39) to prevent needless expenses and to further the interests of judicial economy.

**I. STATEMENT OF FACTS**

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively, "Plaintiffs") filed a patent infringement lawsuit against Defendants Blue Sky, Jet Airways of India, Inc., GTX Corp., and Inthinc Technology Solutions, Inc. on September 8, 2011 (Dkt. No. 1). All defendants except Blue Sky have subsequently settled and have been dismissed from the present lawsuit. (*See* Dkt. Nos. 34, 36, and 37.)

This action involves claims for infringement of the following patents: U.S. Patent Nos. 6,714,859 and 6,904,359 (collectively, "the patents-in-suit"). ArrivalStar alleges that Blue Sky's SkyRouter 2 vehicle tracking system infringes the patents-in-suit. (Dkt. No. 1.) However, Blue Sky has not sold the accused SkyRouter 2 system. Written Statement of Jon Gilbert for Defendant Blue Sky Network, LLC ("Gilbert Decl."), ¶¶ 4-5; Written Statement of Heng Wang for Defendant Blue Sky Network, LLC ("Wang Decl."), ¶¶ 4-5.

On January 9, 2012, the parties had a teleconference with the Court's ADR representative. Declaration of G. Ross Allen in Support of Blue Sky Network, LLC's Administrative Motion to Stay Discovery Pending Mediation ("Allen Decl."), ¶ 2. Blue Sky submitted that the swiftest ADR process available would best serve all parties, and the Court ordered mediation within 60 days. *Id.* Thus, on January 17, 2012, Blue Sky contacted the Court's ADR representative to confirm scheduling the mediation and express its desire that the mediation occur in the next few weeks. *Id.* at ¶ 3. The ADR representative indicated that she was contacting the case administrator to schedule the mediation as soon as possible. *Id.*

Without conferring with Blue Sky, on Monday, January 16, 2012, Plaintiffs noticed the deposition of Mr. Heng Wang, an employee of Blue Sky.[1] *See* Allen Decl., Ex. 1. Blue Sky replied that it was working to schedule a mediation with the ADR contact and case administrator and that it

---

[1] The Notice of Deposition of Mr. Heng Wang is defective for failing to comply with Civil L.R. 30-1. Plaintiffs never conferred with Blue Sky about the scheduling of the deposition with Blue Sky's counsel before noticing the deposition of Mr. Wang.



BLUE SKY NETWORK'S ADMINISTRATION MOTION TO STAY DISCOVERY PENDING MEDIATION
CASE NO. CV 11 4479 (SBA)                                                          - 2 -

1  wanted to stay this deposition or other discovery until after the mediation is held, if it remains
2  necessary thereafter. *Id.* at ¶ 5; Ex. 2. Plaintiffs then announced their intent to proceed with the
3  deposition of Mr. Wang as noticed. *Id.* Blue Sky again requested that discovery be stayed pending
4  mediation and announced that it would seek relief from the Court if the parties could not agree, as
5  instructed by the Court during the Initial Case Management Conference held on January 12, 2012.
6  *Id.* at ¶ 7. Defendants again refused. *Id.* Thus, Blue Sky hereby moves to stay discovery pending
7  mediation to avoid any further unnecessary expenses in defending against patent infringement
8  allegations based on a product that has not been sold and upon which there are no damages.

## II.     REASONS SUPPORTING MOTION

It is well established that "[t]he district court has discretion to control the course of proceedings before it." *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990). "Rule 6(b) commits to the district court's discretion the decision to enlarge the time in which a party must perform an act required or allowed by the Federal Rules of Civil Procedure." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996). Further, the Court has "wide discretion" in controlling the scope, extent, and timing of discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court's "inherent, discretionary power to control its proceedings should promote economy of time and effort for itself, for counsel, and for litigants." *Roderick v. Mazzetti & Assocs., Inc.*, 2004 WL 2554453, at *3 (N.D. Cal. Nov. 9, 2004).

Granting stay of discovery pending the outcome of mediation would be a sound exercise of the Court's discretion, preventing needless discovery expenses and furthering the interests of judicial economy. Blue Sky has not sold the accused SkyRouter 2 system, and thus, there are no damages for any alleged infringement. Gilbert Decl., ¶¶ 4-5; Wang Decl., ¶¶4-5. Blue Sky believes mediation will be an effective vehicle to resolve this dispute. In the event the parties are unable to resolve the dispute, then discovery will be appropriate. Until then, however, needless discovery would be a waste of time, effort, and resources for counsel and the litigants, and might in fact chill an appropriate resolution of this matter. *See Roderick*, 2004 WL 2554453, at *3. Accordingly,



discovery, as well as any deadlines under the Court's Patent Local Rules,[2] should be stayed pending the outcome of the imminent mediation.

### III.  CONCLUSION

For the foregoing reasons, the Court should exercise its discretion and grant Blue Sky's administrative motion to stay discovery and its deadlines under the Patent Local Rules pending mediation.

DATED:  January 24, 2012         Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *G. Ross Allen*
G. Ross Allen

Attorney for Plaintiff,
BLUE SKY NETWORK, LLC

---

[2] On Monday, January 20, 2012, Plaintiffs served Blue Sky with Infringement Contentions. Blue Sky believes these contentions are premature and yet another attempt to increase the costs incurred by Blue Sky before mediation. Because the January 12, 2012 Initial Case Management Conference consisted of rescheduling the Case Management Conference for April 4, 2012 after mediation, Blue Sky believes the April 4, 2012 Conference triggers the parties' obligations under the Patent Local Rules. Nonetheless, to avoid confusion, Blue Sky also moves to stay its obligations under the Court's Patent Local Rules.



**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 24th day of January, 2012, with a copy of this document via the Court's CM/ECF system per Civil L.R. 5-4. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *G. Ross Allen*
G. Ross Allen



CERTIFICATE OF SERVICE - 1 -
CASE NO. CV 11 4479 (SBA)