KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
MICHAEL D. LISI (SBN 196974) mlisi@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

ANTHONY E. DOWELL (*Pro Hac Vice*) ADowell@dowellbaker.com
GEOFFREY D. SMITH (*Pro Hac Vice*) GSmith@dowellbaker.com
DOWELL BAKER
201 Main Street, Suite 710
Lafayette, IN  47901
Telephone:  (765) 429-4004
Facsimile:  (765) 429-4114

Attorneys for Plaintiffs
ARRIVALSTAR S.A., and MELVINO TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| ARRIVALSTAR, S.A. and MELVINO TECHNOLOGIES LIMITED<br><br>Plaintiffs,<br><br>v.<br><br>BLUE SKY NETWORK, LLC, a Delaware Limited Liability Company; JET AIRWAYS OF INDIA, INC., a California corporation; GTX CORP., a Nevada corporation; INTHINC TECHNOLOGY SOLUTIONS, INC., a Delaware corporation,<br><br>Defendants. | Case No.:  CV11-4479 SBA<br><br>**ARRIVALSTAR'S RESPONSE TO BLUE SKY'S MOTION TO STAY DISCOVERY PENDING MEDIATION**<br><br>Date:              February 14, 2012<br>Time:              1:00 p.m. |

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited ("ArrivalStar") oppose Defendant, Blue Sky Network, LLC's ("Blue Sky") Administrative Motion to Stay Discovery Pending Mediation (doc. 43).  Blue Sky previously requested that the Court stay discovery pending

1

---

ARRIVALSTAR'S RESPONSE TO BLUE SKY'S MOTION TO STAY DISCOVERY
CASE NO:  CV11-4479 SBA

mediation and this Court made clear during the parties' Initial Case Management Conference that discovery was not stayed in the matter. Nevertheless, Blue Sky used its motion to avoid the noticed deposition of its Vice President of Engineering, Mr. Heng Wang, which was properly scheduled for Tuesday, January 31, 2012. Blue Sky must not be allowed to delay the deposition of Mr. Wang until after mediation and delay its disclosures under the Patent Local Rules.

### I. THE COURT HAS ALREADY DENIED BLUE SKY'S REQUEST TO STAY DISCOVERY

Blue Sky has already asked the Court to stay discovery in this matter and the Court refused to issue a stay. During the parties' Rule 26(f) conference, Blue Sky requested that discovery be stayed until after the parties could conduct a settlement conference. ArrivalStar would not agree to stay discovery. In the parties' Joint Case Management Plan filed on December 13, 2011, Blue Sky asked the Court to "stay discovery and any other deadlines pending the Early Settlement Conference." (Doc. 35 at 8-9).

On January 12, 2012 during the Initial Case Management Conference, the Court specifically stated that discovery in this matter is not stayed. Therefore, the Court has already considered Blue Sky's request to stay discovery and has refused to issue a stay of discovery.

### II. ARRIVALSTAR PROPERLY NOTICED THE DEPOSITION OF WANG

On January 4, 2012 counsel for ArrivalStar requested from counsel for Blue Sky possible dates for the deposition of Mr. Wang. Allen Decl., Ex. 2, at 2. Mr. Wang was specifically identified in Blue Sky's 26(a) Initial Disclosures as having knowledge regarding Blue Sky's SkyRouter 2 System. Despite ArrivalStar's request for available dates for Mr. Wang, Blue Sky's counsel ignored the request and provided no available dates. Id. Therefore, on January 16, 2012, ArrivalStar noticed the deposition of Blue Sky's Mr. Wang for January 31, 2012. Allen Decl., Ex. 1. Now, one week before the scheduled deposition, Blue Sky seeks relief from the court and for the first time states that Mr. Wang's Notice of Deposition is defective because ArrivalStar failed to confer with counsel for Blue Sky prior to noticing the deposition (even though ArrivalStar requested dates for the deposition from Blue Sky's counsel and Blue Sky's counsel ignored the request)(see Allen Decl., Ex. 2).

As a result of the uncertainty that Blue Sky's motion has caused regarding the deposition of Mr. Wang, ArrivalStar has cancelled the reservations relating to the deposition scheduled for January 31st. ArrivalStar intends to re-schedule the deposition after a ruling on Blue Sky's motion by this Court. Therefore, if the Court denies Blue Sky's motion, ArrivalStar will seek to depose Mr. Wang as soon as practicable.

### III. ARRIVALSTAR IS ENTITLED TO DAMAGES

Blue Sky's primary argument for staying discovery is that Blue Sky has not sold the SkyRouter 2 system, and therefore, there are no damages for infringement of the ArrivalStar patents. However, Blue Sky misstates basic patent law. Even if Blue Sky has never sold the SkyRouter2 system, if Blue Sky has made, used and offered to sell the SkyRouter2 system, then the ArrivalStar patents are infringed and ArrivalStar is entitled to damages in the form of a reasonable royalty.

> Under 35 U.S.C. § 271, a party infringes a patent by contributing to or inducing another party to <u>make, use, offer to sell</u>, or sell a patented invention in the United States. In addition, under 35 U.S.C. § 284, "the floor for a damage award is no less than a reasonable royalty ... and the award may be split between lost profits as actual damages to the extent they are proven and a reasonable royalty for the remainder."

<u>Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.</u>, 637 F.3d 1269, 1290 (Fed. Cir. 2011)(emphasis added); quoting <u>State Indus., Inc. v. Mor–Flo Indus., Inc.</u>, 883 F.2d 1573, 1577 (Fed. Cir. 1989).

Blue Sky has not denied that it has made, used and offered to sell the SkyRouter2 system. Prior to this lawsuit, Blue Sky's website claimed that the "SkyRouter 2 is now available." Therefore, ArrivalStar is entitled to, at a minimum, a reasonable royalty for the infringement of the patents-in-suit. Accordingly, there are damages in this action and Blue Sky's efforts to delay the deposition of Mr. Wang and the timing of the required disclosures under the Local Patent Rules will likely further delay the resolution of this matter. Furthermore, by seeking to stay discovery, Blue

Sky is preventing ArrivalStar from determining the extent to which Blue Sky has made, used or offered to sell the SkyRouter2 system.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Blue Sky's Administrative Motion to Stay Discovery and order Blue Sky to make Mr. Wang available for his deposition immediately. In addition, ArrivalStar respectfully requests that the deadlines under the Patent Local Rules not be stayed.

Dated: January 26, 2012                KRIEG KELLER SLOAN REILLEY & ROMAN LLP

By: _____/s/_____
    Michael D. Lisi
    Attorney for Plaintiffs
    ARRIVALSTAR, S.A. and MELVINO TECHNOLOGIES LIMITED

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on January 26, 2012, with a copy of this document via the Court's CM/ECF system per Civil L.R. 5-4. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

_____/s/_____
Michael D. Lisi
Attorney for Plaintiffs
ARRIVALSTAR, S.A. and
MELVINO TECHNOLOGIES LIMITED

ARRIVALSTAR'S RESPONSE TO BLUE SKY'S MOTION TO STAY DISCOVERY
CASE NO: CV11-4479 SBA