Case4:11-cv-04479-SBA   Document45   Filed01/30/12   Page1 of 4

KILPATRICK TOWNSEND & STOCKTON LLP
G. ROSS ALLEN (State Bar No. 262968)
1080 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422
Email:  grallen@kilpatricktownsend.com

STEVEN D. MOORE (*pro hac vice*)
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500
Email:  smoore@kilpatricktownsend.com

Attorneys for Defendant
BLUE SKY NETWORK, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE SKY NETWORK, LLC, a Delaware Limited Liability Company; JET AIRWAYS OF INDIA, INC., a California Corporation; GTX CORP, a Nevada Corporation; INTHINC TECHNOLOGY SOLUTIONS, INC., a Delaware corporation,<br><br>Defendants. | Case No. CV 11 4479 SBA<br><br>**BLUE SKY NETWORK, LLC'S REPLY IN SUPPORT OF ITS ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING MEDIATION**<br><br>Hearing Date:   2/14/2012<br>Time:                    1:00 p.m.<br><br>**[CIVIL L.R. 7-11]** |



Defendant Blue Sky Network, LLC ("Blue Sky") submits the following Reply in support of its Administrative Motion to Stay Discovery Pending Mediation (Dkt. No. 43).

## I. THE COURT HAS NEVER DENIED BLUE SKY'S REQUEST TO STAY DISCOVERY.

Plaintiffs ArrivalStar S.A.'s and Melvino Technologies Limited's (collectively, "Plaintiffs") opposition (Dkt. No. 44) misstates the facts regarding the parties' Initial Case Management Conference. During the brief five-minute telephonic conference, the Court indicated that the Conference was being continued and that another Case Management Conference should take place after mediation. Blue Sky noted that it preferred for discovery to be stayed pending mediation. The Court indicated that the parties should *meet and confer* regarding staying discovery, and if no agreement could be reached, then Blue Sky should file the present administrative motion. Contrary to Plaintiffs' representation, at no time did the Court refuse to stay discovery in response to Blue Sky's request.[1]

## II. NO DAMAGES EXIST.

After Plaintiffs filed this action, Blue Sky sought to persuade them to dismiss it without prejudice by explaining that it had not sold the accused SkyRouter 2 product. At Plaintiffs' request, Blue Sky submitted the written statements of Mr. Gilbert and Mr. Wang attesting to this. (*See* Dkt. Nos. 43-4, 43-5.) Plaintiffs, however, fail to mention these discussions in their opposition, instead citing a now-removed (and incorrect) statement on Blue Sky's website that SkyRouter 2 is "now available."

Regardless, Plaintiffs' position that it is entitled to damages in the form of a reasonable royalty is nonsensical. It defies simple math: ***zero sales multiplied by any reasonable royalty rate is zero***. Plaintiffs' unreasonable logic is exactly why mediation is the most appropriate means to minimize any further waste of judicial resources and unnecessary costs to Blue Sky, and why Plaintiffs' tactics of using the litigation process to pressure Blue Sky to pay Plaintiffs to avoid defense costs should not be condoned.

---

[1] Notably, Plaintiffs' opposition does not address service of its premature infringement contentions. (*See* Dkt. No. 44.) This is yet another tactic by Plaintiffs to avoid negotiating the stay of discovery and increase costs incurred by Blue Sky before the imminent mediation.



### III. CONCLUSION

For the foregoing reasons, the Court should exercise its discretion and grant Blue Sky's administrative motion to stay discovery and the parties' obligations under the Patent Local Rules pending the conclusion of the imminent mediation.

DATED: January 30, 2012            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: /s/ *G. Ross Allen*
    G. Ross Allen

    Attorney for Defendant,
    BLUE SKY NETWORK, LLC



**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 30th day of January, 2012, with a copy of this document via the Court's CM/ECF system per Civil L.R. 5-4. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *G. Ross Allen*
G. Ross Allen



CERTIFICATE OF SERVICE - 1 -
CASE NO. CV 11 4479 (SBA)