1

2                          UNITED STATES DISTRICT COURT

3                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                  OAKLAND DIVISION

5

6
    ARRIVALSTAR, S.A. and MELVINO              Case No:  CV 11-4479 SBA
7   TECHNOLOGIES LIMITED,
                                               **ORDER GRANTING**
8                  Plaintiff,                  **ADMINISTRATIVE MOTION TO**
                                               **STAY DISCOVERY PENDING**
9            vs.                               **MEDIATION**

10  BLUE SKY NETWORK, LLC, a Delaware          Docket 43.
    Limited Liability Company; JET AIRWAYS
11  OF INDIA, INC., a California Corporation;
    GTX CORP, a Nevada Corporation;
12  INTHINC TECHNOLOGY SOLUTIONS,
    INC., a Delaware corporation,
13
                   Defendants.
14

15          The parties are presently before the Court on Defendant Blue Sky Network, LLC's

16  ("Blue Sky") administrative motion to stay discovery pending mediation.  Dkt. 43.  Plaintiff

17  ArrivalStar S.A. ("ArrivalStar") opposes the motion.  Dkt. 44.  Having read and considered

18  the papers filed in connection with this matter and being fully informed, the Court hereby

19  GRANTS the motion, for the reasons stated below.

20  **I.      BACKGROUND**

21          On September 8, 2011, Plaintiffs ArrivalStar and Melvino Technologies Limited

22  (collectively, "Plaintiffs") filed a patent infringement action against Defendants Blue Sky,

23  Jet Airways of India, Inc., GTX Corp., and Inthinc Technology Solutions, Inc.  Dkt. 1.  All

24  the Defendants except Blue Sky have settled with Plaintiffs and have been dismissed from

25  this action.  See Dkt. 34, 36, 37.

26          On December 13, 2011, the parties submitted a Joint Case Management Conference

27  Statement.  Dkt. 35.  In that statement, Blue Sky stated that it "believes that discovery and

28  other deadlines should be stayed pending the Early Settlement Conference."  Id.  On

January 12, 2012, this Court issued an Order referring the case to the Court's mediation

program, which is to take place within 60 days from the date the Order was filed.  Dkt. 39.

On the same date, the parties participated in a telephonic initial Case Management

Conference ("CMC"), wherein the case was continued until April 4, 2012.  Dkt. 42.  During

the CMC, the parties were informed that discovery is not stayed.  <u>See</u> <u>id.</u>

On January 16, 2012, Plaintiffs noticed the deposition of Blue Sky employee Mr.

Heng Wang for January 31, 2012.  Allen Decl., Exh. 1, Dkt. 43-2.  On January 24, 2012,

Blue Sky filed the instant administrative motion to stay discovery pending mediation.  Dkt.

43.  ArrivalStar filed an opposition on January 26, 2012.  Dkt. 44.  On January 30, 2012, a

reply was filed.  Dkt. 45.

## I.   **DISCUSSION**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense."  Fed.R.Civ.P. 26(b).  This principle is subject to limitation.  "The court may, for

good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense," including forbidding discovery or specifying

terms, including time and place, for discovery.  Fed.R.Civ.P. 26(c)(1).  "The burden is upon

the party seeking the order to 'show good cause' by demonstrating harm or prejudice that

will result from the discovery."  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1063 (9th Cir.

2004).  A district court had wide discretion in controlling discovery.  <u>See</u> <u>Little v. City of</u>

<u>Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1988).

Here, Blue Sky moves to stay discovery pending mediation "to avoid any further

unnecessary expenses" in defending against this action.  Blue Sky's Mtn. at 3.  According

to Blue Sky, because Plaintiffs' "patent infringement allegations [are] based on a product

that has not been sold and upon which there are no damages," staying discovery will

prevent "needless discovery expenses and further[ ] the interests of judicial economy."  <u>Id.</u>

Blue Sky asserts that "needless discovery would be a waste of time, effort, and resources

1  for counsel and the litigants, and might in fact chill an appropriate resolution of this

2  matter." Id.

3        The Court concludes that Blue Sky has shown good cause to justify a stay of

4  discovery pending mediation. The Court finds that staying discovery pending mediation

5  will conserve the resources of the parties and will not impose an inequity on any party.

6  Accordingly, the Court GRANTS Blue Sky's administrative motion to stay discovery

7  pending mediation.

8  **III.**   **CONCLUSION**

9        For the reasons set forth above, IT IS HEREBY ORDERED THAT:

10       1.    Blue Sky's motion is GRANTED. Discovery is stayed pending the

11  completion of mediation.

12       2.    This Order terminates Docket 43.

13       IT IS SO ORDERED.

14  Dated: 2/21/12                    _____

15                                    SAUNDRA BROWN ARMSTRONG
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28