UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARRIVALSTAR, S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>   Plaintiff,<br><br>   vs.<br><br>BLUE SKY NETWORK, LLC, a Delaware Limited Liability Company; JET AIRWAYS OF INDIA, INC., a California Corporation; GTX CORP, a Nevada Corporation; INTHINC TECHNOLOGY SOLUTIONS, INC., a Delaware corporation,<br><br>   Defendants. | Case No:  CV 11-4479 SBA<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING MEDIATION**<br><br>Docket 43. |

The parties are presently before the Court on Defendant Blue Sky Network, LLC's ("Blue Sky") administrative motion to stay discovery pending mediation. Dkt. 43. Plaintiff ArrivalStar S.A. ("ArrivalStar") opposes the motion. Dkt. 44. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion, for the reasons stated below.

I.   **BACKGROUND**

On September 8, 2011, Plaintiffs ArrivalStar and Melvino Technologies Limited (collectively, "Plaintiffs") filed a patent infringement action against Defendants Blue Sky, Jet Airways of India, Inc., GTX Corp., and Inthinc Technology Solutions, Inc. Dkt. 1. All the Defendants except Blue Sky have settled with Plaintiffs and have been dismissed from this action. See Dkt. 34, 36, 37.

On December 13, 2011, the parties submitted a Joint Case Management Conference Statement. Dkt. 35. In that statement, Blue Sky stated that it "believes that discovery and other deadlines should be stayed pending the Early Settlement Conference." Id. On

1  January 12, 2012, this Court issued an Order referring the case to the Court's mediation
2  program, which is to take place within 60 days from the date the Order was filed. Dkt. 39.
3  On the same date, the parties participated in a telephonic initial Case Management
4  Conference ("CMC"), wherein the case was continued until April 4, 2012. Dkt. 42. During
5  the CMC, the parties were informed that discovery is not stayed. See id.
6       On January 16, 2012, Plaintiffs noticed the deposition of Blue Sky employee Mr.
7  Heng Wang for January 31, 2012. Allen Decl., Exh. 1, Dkt. 43-2. On January 24, 2012,
8  Blue Sky filed the instant administrative motion to stay discovery pending mediation. Dkt.
9  43. ArrivalStar filed an opposition on January 26, 2012. Dkt. 44. On January 30, 2012, a
10 reply was filed. Dkt. 45.

**I.    DISCUSSION**

     Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b). This principle is subject to limitation. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying terms, including time and place, for discovery. Fed.R.Civ.P. 26(c)(1). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004). A district court had wide discretion in controlling discovery. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

     Here, Blue Sky moves to stay discovery pending mediation "to avoid any further unnecessary expenses" in defending against this action. Blue Sky's Mtn. at 3. According to Blue Sky, because Plaintiffs' "patent infringement allegations [are] based on a product that has not been sold and upon which there are no damages," staying discovery will prevent "needless discovery expenses and further[ ] the interests of judicial economy." Id. Blue Sky asserts that "needless discovery would be a waste of time, effort, and resources

for counsel and the litigants, and might in fact chill an appropriate resolution of this matter." Id.

The Court concludes that Blue Sky has shown good cause to justify a stay of discovery pending mediation. The Court finds that staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party. Accordingly, the Court GRANTS Blue Sky's administrative motion to stay discovery pending mediation.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Blue Sky's motion is GRANTED. Discovery is stayed pending the completion of mediation.

2. This Order terminates Docket 43.

IT IS SO ORDERED.

Dated: 2/21/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge